IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00328-PAB-KLM

RONALD J. NAGIM,

Plaintiff,

v.

BONNIE F. JACKSON,
ALICIA PELLERGRIN,
STEVEN IRVING,
JOSEPH E. ABRAHAM, JR.
SANDRA HOYT ABRAHAM,
STEPHEN PUGH,
BRANDON FREEMAN, and
JOSEPH E. ABRAHAM, III,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant **Stephen M. Irving's 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) Motion to Dismiss** [Docket No. 11], **Stephen M. Irving's Motion to Transfer Venue** [Docket No. 13], Defendant **Joseph E. Abraham, III's 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) Motion to Dismiss** [Docket No. 17], **Joseph E. Abraham, III's Motion to Transfer Venue** [Docket No. 18], Defendant **Joseph E. Abraham, Jr.'s 12(b)(1), 12(b)(2),12(b)(3) and 12(b)(6) Motion to Dismiss** [Docket No. 21], **Joseph E. Abraham, Jr.'s Motion to Transfer Venue** [Docket No. 22], Defendant **Sandra Hoyt Abraham's 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) Motion to Dismiss** [Docket No. 19], **Sandra Hoyt Abraham's Motion to Transfer Venue** [Docket No. 20], **Motion to Dismiss**

1

**on Behalf of Judge Bonnie F. Jackson** [Docket No. 24], **Motion to Dismiss on Behalf of Assistant District Attorneys Brandon Fremin and Stephen Pugh** [Docket No. 25][1] and **Defendant Alicia Pellegrin's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6)** [Docket No. 35][2] (collectively the "Motions").

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C., the Motions have been referred to this Court for a recommendation. I have reviewed the Motions, Plaintiff's **Consolidated Objections to Motions by Defendants** [Docket No. 63], the relevant case law, and the entire case file and am advised in the premises. Because I conclude that venue is improper in the District of Colorado, I RECOMMEND that the case be **DISMISSED without prejudice**.

**I.     Background**

Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The complaint arises from two cases adjudicated in the 19th Judicial Court in East Baton Rouge, Louisiana, one civil and one criminal. The civil suit was brought by Stephanie Nagim, Plaintiff's daughter, against Joseph E. Abraham, III, Joseph E. Abraham, Jr., and Sandra Hoyt Abraham. The case was dismissed. *Motion* [#15] Aff. at 2.[3] In the criminal case, Plaintiff was convicted of simple assault and disturbing the peace based on his conduct towards Joseph E. Abraham, Jr. *Id.* at 1 & Aff. 1 at 7. On November 15, 2006, Plaintiff agreed to a permanent restraining order forbidding him from abusing, stalking, and

---

[1] The complaint states that this Defendant's name is "Freeman." Defendant's Motion indicates that the proper last name is "Fremin."

[2] The caption incorrectly uses "Pellergrin" as the last name for this Defendant.

[3] None of the parties indicate the nature of the claims in the civil suit.

threatening Joseph E. Abraham, Jr., from being in close proximity to him, from issuing communications to third parties about Joseph E. Abraham, Jr., and from going near certain places where Joseph E. Abraham, Jr. and his parents could be found. *Id.* at 13.

Plaintiff alleges that Defendants violated his constitutional rights by engaging in defamation, libel, and slander.[4] The following individuals are named as Defendants: Bonnie F. Jackson, the judge in Plaintiff's criminal case; Brandon Fremin and Stephen Pugh, the Assistant District Attorneys who prosecuted Plaintiff; Joseph E. Abraham, III, Sandra Hoyt Abraham and Joseph E. Abraham Jr. ("Abraham Defendants"), who were Defendants in the civil case filed by Plaintiff's daughter; and Stephen M. Irving, who represented the Abraham Defendants in the civil suit filed by Stephanie Nagim, Plaintiff's daughter. *Motion* [# 15] Aff. 1-2.

The Complaint alleges essentially the same claims against each Defendant. Plaintiff claims that the actions of Defendants have caused him to be falsely included on a "Terrorist Watch List." He alleges that Defendants made false accusations against him and initiated a personal and premeditated attack against him. *Complaint* [# 1] at 4. According to Plaintiff, the Abraham Defendants covered up their involvement in the rape of Plaintiff's daughter. *Id.* at 7. He alleges that the judge and district attorney denied him equal protection and covered up drug dealing, murder and rape. *Id.* at 4-5. During his criminal case, Defendant

---

[4] The Complaint is not a model of clarity and sorely lacks sufficient detail. Plaintiff does not identify all of the Defendants or where the acts alleged took place. Therefore, the Court pieced together the factual statements in the Complaint and Defendants' Motions in order to explain the nature of this case. In determining venue, the Court may rely on information other than the complaint. *Walker v. U.S. Postal Service*, No. 06-1754, 2007 WL 2261659, at * 2 (D. Colo. July 16, 2007); *Cornice Technologies, Inc. v. Affinity Dental Products, Inc.*, No. 04-cv-1133, 2005 WL 1712124, at *1 (D. Colo. July 21, 2005).

3

Pellegrin was ordered by the court to evaluate Plaintiff. Plaintiff alleges that the evaluation was unprofessional and shows a lack of judgment, which led to the erroneous conclusion that Plaintiff was dangerous and a threat to society. *Id.* at 5-6.

The Complaint also alleges that Defendants went to the police and accused Plaintiff of cyberstalking and identity theft. *Id.* at 8. As a result, Plaintiff alleges that he was questioned by the Federal Bureau of Investigation ("FBI), the Postal Service, and the Department of Homeland Security ("DHS"). *Id.* He also claims that when he returned to Louisiana to visit his family he was arrested based on the false accusations made by Defendants. *Id.*

Defendants move to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and for failure to state a claim. In addition, some Defendants move to transfer venue to the Middle District of Louisiana.

A. Plaintiff's status

Because Defendant is proceeding *pro se,* the Court must construe his complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Plaintiff to present constitutional claims against any procedural defects caused by Plaintiff's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the nonmoving party's advocate and must nevertheless deny a claim that is based on vague or conclusory allegations. *Hall*, 935 F.2d at 1110.

B. Venue

Defendants have moved to dismiss based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer this action to the Middle District of

Louisiana. The standard under 12(b)(3) is generally the same as a motion to dismiss for lack of personal jurisdiction. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.,* 434 F.Supp.2d 1051, 1057-58 (D. Kan. 2006)*; H&H Transformer, Inc. v. Battelle Energy Alliance, LLC*, No. 09-cv-00442, 2009 WL 3530370, at *3 (D. Colo. Oct. 23, 2009). Plaintiff has the burden of establishing that venue is proper in this District. *Walker*, 2009 WL 2261695, at *2.

The Court must accept the allegations in the complaint as true to the extent that they are not controverted by Defendants' affidavits. *Wenz v. Memmery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). A prima facie showing of venue is sufficient to meet Plaintiff's burden. *Behegen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). The Court may *sua sponte* dismiss a case for improper venue "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Kenney v. Millennium Rail, Inc.*, 224 Fed. Appx. 793, 793-94 (10th Cir. 2007) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)).

The venue statute that applies here is 28 U.S.C. § 1391(b), which provides, in relevant part, that an action may only be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Jurisdiction in this case is based on 42 U.S.C. § 1983 and § 1988. All of the Defendants reside in the state of Louisiana. Plaintiff concedes this fact. *See Complaint* ¶ 2. In addition, a substantial part of the events giving rise to the claims occurred in Louisiana. The underlying litigation was conducted in Louisiana. In a bench trial held in Louisiana,

Defendant Judge Jackson found Plaintiff guilty of assault and disturbing the peace. Defendant Pellegrin performed a psychological evaluation of Plaintiff in the state of Louisiana. Defendants Pugh and Fremin prosecuted Plaintiff in Louisiana. Defendant Irving represented the Abraham family in litigation filed by Plaintiff's daughter in Louisiana.

Plaintiff asserts that a significant part of the actions taken by Defendants occurred in Colorado. However, the only acts that Plaintiff specifically mentions are interviews by the FBI, the DHS and the Postal Service that allegedly occurred in Colorado. *Complaint* at 8. However, there are no federal officials or agencies named as Defendants in the Complaint.[5]

"[V]enue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim the 'focus [is] on relevant activities of the defendant, not of the plaintiff.'" *Goff v. Hackett Stone Co.*, No. 98-7137, 1999 WL 397409, at *1 (10th Cir. June 17, 1999) (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)) (unpublished decision). None of the named Defendants reside in this state. The matters described in the Complaint concern actions that occurred or arose in Louisiana. Thus, venue is clearly improper in the District of Colorado.

When the venue in the district where the case was filed is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case" to any district in which it could have been brought. 28 U.S.C. § 1406(a). The factors supporting transfer rather than dismissal that must be addressed by the Court are (1) that a new action would be time-

---

[5] A civil rights claim against federal employees, must be brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*. *Turner v. Schultz*, 130 Fed.Supp.2d 1216, 1221 (D. Colo. 2001). "A Bivens action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983. *Hartman v. Moore,* 547 U.S. 250, 254 n. 2 (2006) (citation omitted).

6

barred; (2) that the claims are likely to have merit; *and* that (3) the action was filed in good faith or after plaintiff realized or should have realized that the chosen forum was improper. *Trujillo*, 465 F.3d at 1223 n.16.

The Court first considers whether Plaintiff's re-filing of this case would be barred by the statute of limitations. Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the forum state. *Nicholas v. Boyd,* 317 Fed. Appx. 773, 777 (10th Cir. 2009). The personal injury statute to be applied is the state "statute in which the federal district court sits." *Mondragon v. Thompson*, 519 F. 3d 1078, 1082 (10th Cir. 2008). In this case, the proper venue is the Middle District of Louisiana.[6] If this case is dismissed and Plaintiff chooses to refile the action, he must assert the claims there. Therefore, Louisiana state law would apply. Louisiana's personal injury statute has a one-year statute of limitations. La. Civ. Ann. art. 3492. That statute applies to § 1983 claims. *Castillo v. Blanco*, 330 Fed. Appx. 463, 467 (5th Cir. 2009).[7]

Federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Federal law provides that "[t]he statute of limitations begins to run when the

---

[6] East Baton Rogue, where the relevant events of this action occurred, is in the Middle District of Louisiana. *See Wilson v. East Baton Rouge Parish Prisons*, No. 09-00336, 2009 WL 691976, at *1 (E.D. La. Mar. 6, 2009).

[7] In Colorado, the limitation on a personal injury claim brought pursuant to Section 1983 is two years. *See* Colo. Rev. Stat. § 13-80-102(g) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim); *Full Draw Prod. v. Easton Sports, Inc.* 85 F.Supp.2d 1001, 1008 (D. Colo. 2000) (applying §13-80-102(1)(a) to defamation and libel claim).

7

plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969.  That is, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Flatus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (citations omitted).

Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to plaintiff to establish a later accrual date or to show that there is a basis to toll the accrual date.  *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).  Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint.  *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008); *Aldrich*, 627 F.2d at 1041 n. 4.

The Complaint alleges that Defendants made the false accusations against Plaintiff in June 2006.  *Complaint* [#1] at 4.  Plaintiff also alleges that Defendants' false accusations caused him to be placed on a "terrorist list since 2008."  *Id.* at 2.  It is apparent that Plaintiff was aware of the alleged statements made by Defendants and cited in the Complaint since 2006.  The allegations regarding a "Terrorist Watch List" refer to 2008, which *may* indicate that the claims related thereto have been made within Louisiana's one-year limit. Because the statute of limitations defense is not patently clear from the face of the Complaint, nor based on adequately developed facts, the Court is unable to determine on a motion to dismiss whether Plaintiff's claims would be barred by the statute of limitations in Louisiana, *see Dummar*, 543 F.3d at 619;  *Aldrich*, 627 F.2d at 1041 n. 4, or subject to equitable tolling, estoppel or excused pursuant to the continuing violation doctrine.  Accordingly, this factor neither weighs in favor nor against transfer of the case to the Middle District of

Louisiana.

Another factor in the analysis pursuant to 28 U.S.C. §1406(a) is the merits of the case. In determining whether to dismiss or transfer a case, the Court should take "a [quick look] at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Hough v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (internal quotation marks omitted). The Court has reviewed the Complaint and finds that it does not comply with Fed. R. Civ. P. 8(a) which requires a "short and plain statement of the claim." I find that the Complaint lacks "simplicity, conciseness, and clarity" and is unclear and riddled with irrelevant details and opinions. *See Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007). It is made "unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter.' " *Id.* (quoting *United States ex rel. Karst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir.2003)). Therefore, because Plaintiff's complaint is likely to be dismissed on the merits, this factor weighs against transfer of the case to the Middle District of Louisiana.

The final factor in determining whether to transfer or dismiss the case is whether the Plaintiff filed the action in the wrong venue in good faith or, instead, that Plaintiff "either realized or should have realized that the forum in which [he] filed was improper." *Trujillo*, 465 F.3d at 1223 n.16. Plaintiff knew the District of Colorado was the improper venue for his cause of action because of an earlier case filed by him here, *Nagim v. State of Louisiana*, No. 08-cv-0115-ZLW. In that case, Plaintiff made virtually the same allegations as in this case, except that he named additional defendants.[8] District Judge Zita L.

---

[8] The Complaint may also be subject to dismissal based on collateral estoppel and *res judicata*. Given the conclusion in this Recommendation, the Court need not address this issue.

Weinshienk issued an Order of Dismissal based on improper venue on the grounds that (1) all of the defendants reside in Louisiana; (2) all the events giving rise to the claims occurred in Louisiana; and (3) none of the events giving rise to the Complaint occurred in Colorado. *Id. Notice of Dismissal* [Docket No. 2; June 6, 2008]. The case was dismissed without prejudice based on improper venue. The Court also noted that the complaint failed to comply with Fed. R. Civ. P. 8 because Plaintiff "fails to state his claims clearly, and does not set forth facts sufficient to show that he is entitled to legal relief *. . .*" *Id.* Plaintiff 's filing of the present case in this District was not made in good faith because he was well aware that the earlier case had been dismissed based on improper venue. *See Kelso v. Luna,* 317 Fed. Appx. 846, 847 (10th Cir. 2009) (no doubt Plaintiff aware forum was improper because earlier case against Defendant dismissed for lack of personal jurisdiction). Thus, this factor also weighs against transfer of the case to the Middle District of Louisiana.

The decision to dismiss or transfer a case is within the trial court's discretion. *Sheriff v. Accelerated Receivable Solutions*, 349 Fed. Appx. 351, 355 (10th Cir. 2009). The dispositive question is whether a transfer is in the interest of justice. *Cohen v. Waxman*, No. 08-02188, 2009 WL 3390487, at * 6 (D. Colo. Oct. 21, 2009). Weighing the relevant factors, I find that transfer of this case would not be in the interest of justice and I recommend that the case be dismissed without prejudice.[9]

## III. Conclusion

---

[9] Because I recommend that the case be dismissed without prejudice based on improper venue, I need not address Defendants' other arguments for dismissal. *See United States v. Miller*, 111 F.3d 747, 748 (10th Cir. 1997).

Based on the foregoing,

IT IS **RECOMMENDED** that Defendant Irving's Motion to Dismiss [#11] be **GRANTED** and the case **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

IT IS FURTHER **RECOMMENDED** that Defendant Joseph E. Abraham, III's Motion to Dismiss [#17] be **GRANTED** and the case **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

IT IS FURTHER **RECOMMENDED** that Defendant Sandra Hoyt Abraham's Motion to Dismiss [#19] be **GRANTED** and the case **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

IT IS FURTHER **RECOMMENDED** that Defendant Joseph E. Abraham, Jr.'s Motion to Dismiss [#21] be **GRANTED** and the case **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

IT IS FURTHER **RECOMMENDED** that Defendants Fremin and Pugh's Motion to Dismiss [#25] be **GRANTED** and the case **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

IT IS FURTHER **RECOMMENDED** that Defendant Irving's Motion to Transfer Venue [#13] be **DENIED as moot**.

IT IS FURTHER **RECOMMENDED** that Defendant Joseph E. Abraham, III's Motion to Transfer Venue [#18] be **DENIED as moot**.

IT IS FURTHER **RECOMMENDED** that Defendant Sandra Hoyt Abraham's Motion to Transfer Venue [#20] be **DENIED as moot**.

IT IS FURTHER **RECOMMENDED** that Defendant Joseph E. Abraham, Jr.'s Motion to Transfer Venue [#22] be **DENIED as moot**.

IT IS FURTHER **RECOMMENDED** that Defendant Jackson's Motion to Dismiss [#24] be **DENIED as moot**.

IT IS FURTHER **RECOMMENDED** that Defendant Alicia Pellegrin's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6**)** [# 35] be **DENIED as moot**.

IT IS FURTHER **RECOMMENDED** that the case be **DISMISSED without prejudice**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. An*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Depot of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Valley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:   August 10, 2010

                                                                    BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge