IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00328-PAB-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

BONNIE F. JACKSON,
ALICIA PELLERGRIN,[1]
STEVEN IRVING,[2]
JOSEPH E. ABRAHAM, JR.,
SANDRA HOYT ABRAHAM,
STEPHEN PUGH,
BRANDON FREEMAN,[3] and
JOSEPH E. ABRAHAM, III,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate (the "Recommendation") [Docket No. 69] filed on August 10, 2010. In the Recommendation, United States Magistrate Judge Kristen L. Mix recommended that this case be dismissed without prejudice for improper venue and informed the parties of their right to file any objections within fourteen days of the filing of the

---

[1]In his complaint, plaintiff names Alicia Pellergrin as a defendant. The defendant's name is Alicia Pellegrin. *See* Docket No. 35.

[2]In his complaint, plaintiff names Steven Irving as a defendant. The defendant's name is Stephen M. Irving. *See* Docket No. 13.

[3]In his complaint, plaintiff names Brandon Freeman as a defendant. The defendant's name is Brandon Fremin. *See* Docket No. 25.

Recommendation. On August 12, 2010, plaintiff filed a Motion for Permission to Appeal Dismissal [Docket No. 70] which, as indicated in a Minute Order dated August 17, 2010 [Docket No. 73], the Court construes as an objection to the Recommendation.[4] Therefore, the Court reviews *de novo* the pending motions. *See* Fed. R. Civ. P. 72(b)(3).

Plaintiff invokes 42 U.S.C. § 1983 and § 1988 as the basis for this Court's exercise of subject matter jurisdiction. Therefore, to determine whether venue is proper, the Court turns to 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). There is no indication, and plaintiff does not contend, that any defendant resides in this judicial district or state, that any defendant may be found in this district, or that any property in this district is at issue in this matter.

Therefore, the only question is whether "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. They did not. As Magistrate Judge Mix correctly pointed out,

> a substantial part of the events giving rise to the claims occurred in Louisiana. The underlying litigation was conducted in Louisiana. In a bench trial held in Louisiana, Defendant Judge Jackson found Plaintiff guilty of assault and disturbing the peace. Defendant Pellegrin performed a

---

[4]Defendant Irving filed a response to plaintiff's objection on August 25, 2010 [Docket No. 75].

> psychological evaluation of Plaintiff in the state of Louisiana. Defendants Pugh and Fremin prosecuted Plaintiff in Louisiana. Defendant Irving represented the Abraham family in litigation filed by Plaintiff's daughter in Louisiana.

Docket No. 69 at 5-6. Plaintiff does not deny any of these facts. Rather, his claim to venue lying within the District of Colorado appears to rest on the allegation that, "at the time," Docket No. 1 at 2, he was a resident of Colorado and that various federal agencies interviewed him in Colorado.[5] *See* Docket No. 1 at 8. However, these facts do not overcome the obvious, which is that the "substantial part" of plaintiff's claims occurred in Louisiana. As a result, venue is not proper in this District.

Although the Court has determined that venue is improper, dismissal is not automatic. Section 1406 of Title 28 of the United States Code provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision of whether to dismiss or transfer is left to this Court's sound discretion. *See Keaveney v. Larimer*, 242 F.3d 389 (Table), 2000 WL 1853994, at *1 (10th Cir. Dec. 19, 2000).

As the Recommendation discusses, on May 27, 2008, plaintiff filed a suit in this Court against many of the same defendants raising claims arising out of the same events described in the present action. *See Nagim v. State of Louisiana*, Civil Action No. 08-cv-01115-ZLW. Senior Judge Zita L. Weinshienk dismissed that action without prejudice for improper venue on June 6, 2008 because "[i]t appear[ed] that all of the

---

[5]As the Recommendation notes, however, "there are no federal officials or agencies named as Defendants in the Complaint." Docket No. 69 at 6.

events that gave rise to the instant action occurred in Louisiana" and "there [was] no allegation that any events giving rise to the instant action occurred in Colorado." Civil Action No. 08-cv-01115-ZLW, Docket No. 2 at 2. The dismissal order in Case No. 08-cv-01115-ZLW put the plaintiff on notice that this District was an improper forum for his case, which the Court finds is sufficient grounds to dismiss the action. *See Keaveney*, 2000 WL 1853994, at *1 ("As we have previously noted, other circuits have recognized that it is not a clear abuse of discretion for the district court to deny a transfer where 'a plaintiff either realized or should have realized that the forum in which he or she filed was improper.' This is so even if the statute of limitations would now prevent the plaintiff from filing in the proper forum.") (quoting *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996)).[6]

As a final note, in his response, defendant Stephen M. Irving requests that the Court impose sanctions against plaintiff, *see* Docket No. 75 at 2-3, to which plaintiff has filed a response. *See* Docket No. 76. The Court declines to address Mr. Irving's request for a court order because it has not been properly presented to the Court. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); D.C.COLO.LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper."). The Court does possess the "inherent power to regulate the activities of abusive litigants by imposing

---

[6]The Court agrees with the Recommendation that it is not clear whether plaintiff's claims may be barred by the applicable statute of limitations in Louisiana. *See* Docket No. 69 at 8. Furthermore, after reviewing plaintiff's complaint and other filings, the Court cannot say that "the claims are likely to have merit." *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006).

carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006)). The Court, however, will not impose such restrictions in this case. Plaintiff risks the imposition of filing restrictions or other appropriate sanctions if he persists in filing duplicative lawsuits in this Court.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 69] is ACCEPTED. Plaintiff's objections [Docket No. 70] are overruled. It is further

**ORDERED** that defendant Stephen M. Irving's motion to dismiss [Docket No. 11] is GRANTED. The claims against him are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. It is further

**ORDERED** that defendant Joseph E. Abraham, III's motion to dismiss [Docket No. 17] is GRANTED. The claims against him are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. It is further

**ORDERED** that defendant Sandra Hoyt Abraham's motion to dismiss [Docket No. 19] is GRANTED. The claims against her are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. It is further

**ORDERED** that defendant Joseph E. Abraham, Jr.'s motion to dismiss [Docket No. 21] is GRANTED. The claims against him are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. It is further

**ORDERED** that defendants Brandon Fremin and Stephen Pugh's motion to dismiss [Docket No. 25] is GRANTED. The claims against them are dismissed without

prejudice pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. It is further

**ORDERED** that defendant Stephen M. Irving's motion to transfer venue [Docket No. 13] is DENIED as moot. It is further

**ORDERED** that defendant Joseph E. Abraham, III's motion to transfer venue [Docket No. 18] is DENIED as moot. It is further

**ORDERED** that defendant Sandra Hoyt Abraham's motion to transfer venue [Docket No. 20] is DENIED as moot. It is further

**ORDERED** that defendant Joseph E. Abraham, Jr.'s motion to transfer venue [Docket No. 22] is DENIED as moot. It is further

**ORDERED** that defendant Bonnie F. Jackson's motion to dismiss [Docket No. 24] is DENIED as moot. It is further

**ORDERED** that defendant Alicia Pellegrin's motion to dismiss [Docket No. 35] is DENIED as moot. It is further

**ORDERED** that this case is DISMISSED without prejudice as to all defendants for improper venue.

DATED October 25, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge